UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS LANE SEELEY,

                Petitioner,

v.                                                                                  Case No. 25-cv-0447-bhl

WARDEN DAISY CHASE,

                Respondent.

## SCREENING ORDER

Petitioner Thomas Lane Seeley, a state prisoner currently incarcerated at Redgranite Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 25, 2025. (ECF No. 1.) On April 16, 2025, he paid the $5.00 filing fee. Accordingly, the petition is now ready for screening.

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to screen a prisoner's habeas petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Seeley*, Rock County Circuit Court Case Number 1994CF550B available at https://wcca.wicourts.gov. (ECF No. 1 at 1.) In 1995, Seeley was convicted of first-degree intentional homicide with use of a dangerous weapon. (ECF No. 1-1 at 1.) He appealed and the Wisconsin Court of Appeals upheld his conviction. *See State v. Seeley*,

212 Wis 2d 75, 567 N.W.2d 897 (Ct. App. 1997). On September 2, 1997, the Wisconsin Supreme Court denied review. *State v. Seeley*, 212 Wis. 2d 689, 569 N.W.2d 590 (1997). The Court has reviewed the publicly available docket for Seeley's case and on September 5, 1997, the court of appeals issued a remittitur. *See* https://wcca.wicourts.gov/ (last visited 4/18/25).

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days followed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Seeley's conviction became "final" on September 2, 1997 and his one-year limitations period began to run 90 days from that date or December 1, 1997. He had one year from the date the judgment became final to file his federal habeas petition and to be timely filed under Section 2244(d)(1)(A) or December 1, 1998. The Court received Seeley's petition well *over 20 years* after the statute of limitations expired. It therefore appears that Seeley's petition is untimely. Seeley claims in his petition that he filed a motion for post-conviction relief on October 3, 2018. ECF No. 1 at 3–4. Even if accurate, however, this motion came well after the statute of limitations had already expired and does not restart his deadline for seeking habeas relief. *See* 28 U.S.C. § 2244(d)(2).

While it appears that Seeley's petition is untimely, it may be possible (albeit unlikely) that Seeley could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Seeley could show that he is entitled to equitable tolling. *See Gladney v. Pollard*, 799 F.3d 889, 895–96 (7th Cir. 2015); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the petition as untimely, the Court will allow Seeley forty-five days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Seeley fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

**IT IS HEREBY ORDERED** that, within **45 days of the date of this Order** or on or before **June 2, 2025,** Seeley shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Seeley fails to respond within 45 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on April 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge