UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS LANE SEELEY,

            Petitioner,

v.                                                                   Case No. 25-cv-0447-bhl

DAISY CHASE, Warden,

            Respondent.

## ORDER DISMISSING HABEAS PETITION

      In an April 18, 2025 screening order, the Court determined that Petitioner Thomas Lane Seeley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was untimely. (ECF No. 4.) As the Court explained, Section 2244(d)(1)(A) requires that a petitioner seek habeas relief within one year of his or her judgment becoming final. (*Id.* at 2.) Because Seeley's underlying criminal judgment became final on *December 1, 1997*, his March 23, 2025 habeas petition was untimely by more than 20 years. The Court nevertheless gave Seeley forty-five days to explain why his petition was not time-barred. (*Id.* at 2–3.) Seeley filed a response on May 19, 2025. (ECF No. 5.) He argues that because he was sentenced on June 28, 1995, before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), the statute and its one-year statute of limitations do not apply to his case. (*Id.* at 2.)

      Seeley's understanding of AEDPA's application to his state court judgment is incorrect. Seeley is correct that AEDPA was enacted on April 24, 1996, after he was sentenced. But his judgment did not become final until December 1, 1997 – more than a year after AEDPA was enacted. Moreover, even if Seeley's judgment had become final before AEDPA's effective date, the statue provided a one-year grace period for prisoners to file a petition for habeas relief if their convictions became final prior to its enactment. *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Accordingly, Seeley's arguments do not affect the untimeliness of his petition.

      The Court's prior order noted that Seeley could theoretically avoid the timeliness issue by establishing that he was entitled to equitable tolling. (ECF No. 4 at 2.) But equitable tolling is an

extraordinary remedy that is "rarely granted," *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013), and Seeley's latest filing offers no basis to apply the doctrine here. The Court will therefore dismiss Seeley's Section 2254 petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to issue or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Seeley to proceed further, and a certificate of appealability is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated at Milwaukee, Wisconsin on May 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge