UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS LANE SEELEY,

                    Petitioner,

v.                                                                         Case No. 25-cv-0447-bhl

DAISY CHASE, Warden,

                    Respondent.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE

      On May 21, 2025, this Court dismissed Thomas Lane Seeley's habeas petition as untimely and denied a certificate of appealability. (ECF No. 6.) On September 2, 2025, Seeley filed a notice of appeal, (ECF No. 8), and a motion for leave to appeal without prepayment of the filing fee. (ECF No. 9.) Seeley paid the $5.00 filing fee to initiate this case on April 16, 2025. But to appeal, he must pay the appellate filing fee or move for permission to appeal without paying that fee, called a motion to proceed *in forma pauperis* (IFP). On September 3, 2025, the Clerk of Court sent Seeley a letter informing him that the fee for filing a notice of appeal is $605.00. (ECF No. 10 at 1.) Because Seeley filed an Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, (ECF No. 9), he was instructed that he must also submit a certified copy of his institutional trust account statement for the past six months. (*Id.*) On September 12, 2025, Seeley filed a second IFP motion along with a supporting affidavit and a copy of his prisoner trust account statement. (ECF Nos. 13 & 14.)

      Seeley's trust account statement shows a start balance on August 31, 2025, of $4,631.65 and an end balance of $5,506.94. (ECF No. 14 at 1; *see also* ECF No. 13 at 4.) Seeley has sufficient funds to pay the filing fee. The Court can deny Seeley's motion on this basis alone.

      Moreover, a petitioner is not allowed to appeal IFP if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). Thus, the question before the Court is whether Seeley's appeal is taken "in good faith." While the Court did not issue Seeley a certificate of appealability, an appeal can meet the good faith standard without also clearing the

higher bar necessary to obtain a certificate. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632. Seeley does not meet even that more modest standard here.

As the Court explained in its Order dismissing Seeley's habeas petition, Section 2244(d)(1)(A) requires that a petitioner seek habeas relief within one year of his or her judgment becoming final. (ECF No. 6 at 1.) Because Seeley's underlying criminal judgment became final on December 1, 1997, his March 25, 2025 habeas petition was untimely by more than 20 years. The Court nevertheless gave Seeley forty-five days to explain why his petition was not time-barred. (ECF No. 4 at 2–3.) Seeley filed a response on May 19, 2025. (ECF No. 5.) He argued that because he was sentenced on June 28, 1995, before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), the statute and its one-year statute of limitations do not apply to his case. (*Id.* at 2.) As the Court explained in its Order, Seeley's understanding of AEDPA's application to his state court judgment is incorrect. (ECF No. 6 at 1.)

Seeley's motion for leave to appeal without prepayment of the filing fee does not identify any reason to suppose this ruling might be reversed on appeal. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013). In the absence of any such argument, the Court must conclude that his appeal is frivolous and therefore "not taken in good faith." The Court, therefore, denies the motion to appeal without prepayment of the filing fee on this ground as well.

Accordingly,

**IT IS HEREBY ORDERED** that Seeley's motions for leave to appeal without prepayment of the filing fee, ECF Nos. 9 & 13, are **DENIED**.

Dated at Milwaukee, Wisconsin on September 16, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge